THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RICHARD CHAD RANDALL,<br><br>                           Plaintiff,<br><br>v.<br><br>UTAH BD. OF PARDONS & PAROLE et al.,<br><br>                         Defendants. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br>Case No. 4:22-CV-27 DN<br><br>District Judge David Nuffer |

       On April 21, 2022, Plaintiff, inmate Richard Chad Randall, submitted this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2023).[1] Having now screened Plaintiff's Complaint, (ECF No. 13), under its statutory review function,[2] the Court proposes dismissal of this case for failure to state a claim upon which relief may be granted. 28 U.S.C.S. § 1915A(b)(1) (2023).

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2023).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 *id*. § 1915A.

Plaintiff is imprisoned on a thirty-years-to-life sentence. (ECF No. 13-5.) He names the following defendants: "Unknown appointees and/or employees of the Utah Board of Pardons and Parole . . . sued in both their individual and official capacities." (ECF No. 13.) He alleges that someone deleted a section of the recording of Plaintiff's original parole hearing held March 29, 2018. (ECF No. 13 ¶ 1.) He claims these individuals violated criminal law, "the parole board's own administrative code, and his federal constitutional rights. (ECF No. 13.)

Based on the original parole hearing, the Utah Board of Pardons and Parole (UBOP) ultimately determined that Plaintiff would have a "21 year rehearing." In its hearing notice dated April 4, 2018, UBOP stated that Plaintiff's "hearing date for consideration for parole has been tentatively set for a regular meeting of the Board to be held during the month of September 2039." (ECF Nos. 13-2, 13-5, 13-11.) Because he believes this hearing date to be too far in the future and a result of criminal activity, violation of administrative rules, and lack of due process, Plaintiff requests injunctive relief and money damages. (ECF No. 13.)

Though Plaintiff does not specifically name as defendants UBOP members, the Court interprets those members to be the defendants. This is based on inferences drawn from Plaintiff's statements that (a) the deletion of the recording represented "corruption by [UBOP]"; (b) he has sought to "hold [UBOP] accountable for their actions"; (c) UBOP had the motive to delete the recording because, without the deleted section, the rest of the recording "appears to justify [UBOP's] rationale sheet"; (d) deletion of the recording affected Plaintiff's "liberty" (and UBOP members were clearly the ones deciding whether Plaintiff would have the "liberty" of parole); (e) "altering the record must necessarily thwart the impartiality to which offenders are entitled by defendant(s) own administrative code" (the code to which Plaintiff cites is the UBOP Administrative Code); (f) "Defendant(s) are notified that their

2

actions violate due process" because UBOP rules require that "'offenders are entitled to an impartial hearing before [UBOP]'" (and it is UBOP who allegedly did not provide an impartial hearing and thus due process); (g) UBOP's "decision/rationale sheet . . . marked . . . only aggravating factors," unfairly based on the recording without the deleted section; (h) there are not available administrative remedies available to challenge the actions of the defendant(s) or file a grievance for a wrong committed by [UBOP]"; (i) "Plaintiff . . . mailed a notice of claim to [UBOP] as required by the State's 'Immunity Act'"; (j) punitive damages are needed "to deter future abuses of the unprecedented power with which [UBOP] as been imbued"; and (k) punitive damages are also needed because "defendant(s) . . . are people who sit all day in judgment of other's wrongs, so they should know better than anyone the price of doing wrong," should be sent the message that "there is no justification to misuse such power . . . and if you do, you will pay a steep price for it," and should be disabused of the notion "that high offices are an effective shield for malicious actions." (ECF Nos. 13, 13-4.)

      Still, as part of his request for relief, Plaintiff asks "that the Court direct [UBOP] to identify the defendant(s) who handled and/or edited the record in question and that they answer this complaint." (ECF No. 13.) Ultimately though, whether the editors of the recording were UBOP members or nameless, faceless UBOP employees, the denial of due process Plaintiff alleges could only have been perpetrated by those who apparently knew of the deleted recording, yet still denied Plaintiff parole-- UBOP members. The Court thus deems irrelevant the names of anyone outside of UBOP members, whom the Court treats as the sole defendants.

## ANALYSIS

### 1. Failure-to-State-a-Claim Standard

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 2. Criminal Investigation

Plaintiff argues that "[t]his record tampering is a violation of several Utah criminal statutes." (ECF No. 13.) However, there is no constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim . . . for . . . failure to investigate or bring criminal charges against another individual."). Moreover, Plaintiff has no legal basis to pursue criminal charges through this civil action, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) ("[A] private citizen cannot enforce criminal statutes in a civil action."). Plaintiff may not seek redress for alleged unlawful conduct by the defendants by pursuing criminal charges through this civil-rights action. Any such claims or allegations in the Complaint are therefore dismissed.

### 3. Administrative Code Violation

Plaintiff next asserts that Defendants violated their own administrative code. (ECF No. 13.) But failure to follow administrative rules or procedures does not constitute a civil-rights violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (stating § 1983 provides remedy for constitutional violations, not violations of state statutes and regulations). This claim is thus dismissed.

### 4. Immunity

A potential basis for dismissal of claims for money damages against Defendants regards their status as UBOP members. After all, "[p]arole board members have absolute immunity from damages liability for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole." *Graham v. Waters*, 805 F. App'x 572, 578 (10th Cir. 2020) (unpublished) (quotation marks & citations omitted) (alteration in original). In their official duties, Defendant UBOP members conducted a hearing on Plaintiff's eligibility for parole and determined his next hearing would occur in 2039, and are thus immune from any action for damages for those actions.

Nor may Plaintiff sue these defendants for damages in their official capacities. *See id*. Though nominally brought against these state BOP members, Plaintiff's claim is in reality against the State of Utah. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))). And "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58,

70-71 (1989)). In sum, "the Eleventh Amendment provides immunity for the defendants in their official capacity against [Plaintiff's] claims for damages." *Graham*, 805 F. App'x at 578.

Any claims for damages are thus proposed to be dismissed on the basis of immunity.

### 5. Denial of Parole

A basis for dismissal of all claims here involves lack of a federal cause of action. Plaintiff alleges that Defendants' unconstitutional treatment of him resulted in his receipt of a parole-hearing date twenty-one years after his original parole hearing in 2018.

However, Plaintiff's allegations do not state a federal constitutional violation. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Moreover, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he may not in this federal suit challenge the decision setting his next parole hearing. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Plaintiff's thirty-years-to-life sentence raises no issue under the Federal Constitution because he never has a constitutional right or interest in parole or a parole hearing. So, regardless of how UBOP Defendants made its decision about Plaintiff's next parole date, with or without the material in the recording, UBOP Defendants cannot possibly have violated his federal constitutional rights, even if they never offered him a parole date or hearing for the rest of his life.

As an aside, Plaintiff alleges that part of the dialogue between him and Defendant UBOP member Garner was deleted from the recording he heard. But he concedes that dialogue was part of the hearing--so presumably UBOP Defendants heard the whole dialogue live in the hearing and could consider the whole dialogue as they made their decision about Plaintiff's rehearing date. In other words, deletion of part of the dialogue was not prejudicial to Plaintiff because the decisionmakers--Defendant UBOP members--heard the whole dialogue. And, from a federal constitutional perspective, it would not even have been helpful to UBOP to delete the dialogue; after all, Defendant UBOP members had no duty to supply a rationale for their decision, which could not possibly have violated Plaintiff's federal constitutional rights anyway. With or without the allegedly deleted dialogue, UBOP Defendants could make any decision about Plaintiff's parole rehearing date, or no decision at all, without federal constitutional ramifications.

The Court thus concludes that Plaintiff fails to state a claim and proposes dismissal of this action.

### 6. Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'" *Id*. at 675 (citation omitted). The circumstances underlying these claims appear to have occurred more than four years before this case was filed. The face of the complaint implies that any federal constitutional claims against Defendant UBOP members accrued by April 9, 2018--the date UBOP's "rationale sheet" was received by Plaintiff. (ECF No. 13-9.) Plaintiff would have realized that on April 9, 2018 at the latest, despite everything that was said at the hearing, which he attended and would have been aware of--regardless of the alleged disparities with the

recording that Plaintiff heard later--UBOP decided on a twenty-one-year rehearing date. (*Id.*) Meanwhile, Plaintiff did not postmark the mailing of his Complaint here until April 18, 2022--about nine days after the four-year statute of limitations expired. The Court thus proposes that an alternative basis upon which to dismiss this case is the statute of limitations. *Jamerson v. Heimgartner*, 752 F. App'x. 557, 562 (10th Cir. Sept. 21, 2018) (unpublished) ("A district court may dismiss a complaint *sua sponte* under § 1915A(b)(1) based on an affirmative defense such as the statute of limitations when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotations omitted))).

### 7. Requests for Injunctive Relief

Plaintiff first asks, in his "Request for Relief," that Defendants be kept from "using involuntary housing and/or facility transfers as retaliation for or disruption of this lawsuit, or as an attempt to moot plaintiff's claim." (ECF No. 13.) However, this is the only reference Plaintiff makes in the whole Complaint to the possibility of retaliation; there are no supporting allegations. And Defendant UBOP members are not the individuals or entities that would make decisions about Plaintiff's housing classification, which Plaintiff could not have alleged to have been in contravention of the Federal Constitution, considering that any such transfers were hypothetical at the time of Plaintiff's request. *See Sandin v. Conner*, 515 U.S. 472, 484 (1974) (holding housing issues affect liberty interest only when restraining freedom significantly and atypically "in relation to ordinary incidents of prison life").

Plaintiff also asks the Court to issue permanent injunctions requiring specific procedures for UBOP to observe in managing its recordings of hearings. As outlined above, though, there are no federal constitutional protections regarding parole grants, so this request for injunctive relief is unsupported.

## ORDER

Based on the above analysis, **IT IS HEREBY ORDERED** that Plaintiff has thirty days in which to **SHOW CAUSE** why his Complaint should not be dismissed because it fails to state a claim upon which relief may be granted. (ECF No. 13.)

Signed August 3, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge