THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RICHARD CHAD RANDALL<br><br>Plaintiff,<br><br>v.<br><br>UTAH BD. OF PARDONS & PAROLE et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 4:22-CV-27 DN<br><br>District Judge David Nuffer |

On August 3, 2023, with a detailed analysis, the Court ordered Plaintiff to within thirty days show cause why the Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (ECF Nos. 13, 20.)

Plaintiff's response clearly emphasizes, "In this civil action, the only thing to be considered is the *process* that defendant(s) used and whether or not it reflected the requisite due process . . . required for all original parole hearings." (ECF No. 21-2, at 2 (emphasis added).) Regarding that, he continues to argue that a UBOP "process which includes record falsification cannot possibly provide the due process required." (*Id.*) To clarify for Plaintiff, neither the actual decision denying parole, nor the *process* of decision-making denying parole is actionable here. That is because of the applicability of the *Greenholtz* decision, among other relevant cases and principles that the Court quoted in its Order to Show Cause in the following excerpt:

> "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Moreover, it is well established that the Utah parole statute

> does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he may not in this federal suit challenge the decision setting his next parole hearing. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Plaintiff's thirty-years-to-life sentence raises no issue under the Federal Constitution because he never has a constitutional right or interest in parole or a parole hearing. So, regardless of how UBOP Defendants made its decision about Plaintiff's next parole date, with or without the material in the recording, UBOP Defendants cannot possibly have violated his federal constitutional rights, even if they never offered him a parole date or hearing for the rest of his life.

(ECF No. 20 at 7.)

The court stated there that "*how* UBOP Defendants made [their] decision about Plaintiff's next parole date . . . cannot possibly have violated his federal constitutional rights." (*Id.* (emphasis added).) This truth invalidates Plaintiff's response here that the Order to Show Cause misunderstood that he was attacking the process not the decision. The process is the "how," which the Court correctly stated cannot violate the Federal Constitution. It remains true that UBOP could not violate due process--whether in its decision or in the decision-making process--in denying Plaintiff parole. Under the Federal Constitution Plaintiff has no constitutional right or constitutionally protected interest in parole or a parole hearing.

In conclusion, none of the arguments in Plaintiff's response to the Order to Show Cause change the analysis and result proposed by the Court there. (ECF Nos. 20-21.)

Thus, IT IS ORDERED that this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2024).

Signed May 16, 2024.

BY THE COURT

David Nuffer
United States District Judge